# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

Jennifer Jones,

       Plaintiff,

v.                                                                  Case No. 18-cv-2557-JWL

Unified Government of Wyandotte County/
Kansas City, Kansas and Kansas City, Kansas
Police Department,

       Defendants.

## **MEMORANDUM & ORDER**

Plaintiff filed this lawsuit alleging that defendants denied her the opportunity to apply for a position as a patrol officer based on her race and/or gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This matter is presently before the court on defendants' motion to dismiss plaintiff's complaint (doc. 13) for failure to state a claim. Specifically, defendants assert that plaintiff's Title VII claims are time-barred because they were not filed within 90 days of plaintiff's receipt of her notice of right to sue and, at a minimum, that her claims against the Kansas City, Kansas Police Department must be dismissed because that defendant is not an independent legal entity that can be sued.

In her response, plaintiff concedes that the police department should be dismissed as a defendant. That aspect of defendants' motion, then, is granted as unopposed and that defendant is dismissed from this lawsuit without further discussion. In response to the timeliness issue, plaintiff has come forward with evidence demonstrating that her claims were timely filed. That aspect of the motion, then, is denied.

Federal law requires discrimination complainants to receive right-to-sue notices before filing private civil actions. *Rodriguez v. Wet Ink, LLC*, 603 F.3d 810, 812 (10th Cir. 2010). Under federal law, the EEOC or the Attorney General "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought." *See id.* (quoting 42 U.S.C. § 2000e–5(f)(1) and citing *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("It is well-established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit.")). Plaintiffs must file suit within 90 days of receiving a right-to-sue notice from the EEOC. *See id.* (citing 42 U.S.C. § 2000e–5(f)(1)).

Plaintiff attached to her complaint a notice of right to sue that indicates that the notice was mailed to plaintiff on July 9, 2018. According to defendant, the court should presume that plaintiff received the notice on July 12, 2018 such that the complaint, to be timely, must have been filed by October 10, 2018. *See Panicker v. Compass Group U.S.A. Inc.*, 712 Fed. Appx. 784, 786 (10th Cir. 2017) (citing *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001) (federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed)). Plaintiff did not file her complaint until October 16, 2018, which would be untimely even under a seven-day presumption of receipt. Based on the presumption of receipt, defendant moves to dismiss the complaint as untimely.

The issue, then, is whether plaintiff has successfully rebutted the presumption of receipt. In her response to the motion, plaintiff avers that she actually received the notice on July 18, 2018. Specifically, plaintiff avers that she contacted the EEOC on July 16, 2018 and that an intake supervisor advised plaintiff that her notice of right to sue had been mailed on July 9, 2018. Plaintiff advised the intake supervisor that she had not yet received the notice. Plaintiff further

2

avers that the intake supervisor told her that another notice would be mailed on that day, July 16, 2018. According to plaintiff, she received that notice on July 18, 2018 and she emailed her counsel that day, explaining that she had received her notice "today." Plaintiff's counsel has also submitted an affidavit in which he avers that he did not receive a copy of the notice from the EEOC until July 23, 2018 and that he calendared the 90-day filing deadline based on the July 18, 2018 email he received from plaintiff. Plaintiff's evidence, then, demonstrates personal knowledge of the receipt date—July 18, 2018. Moreover, this evidence is not disputed by defendant—in fact, defendant has not filed a reply to the response. Thus, defendant's mailing-time presumption has been rebutted by plaintiff's evidence regarding the actual receipt date. *See Lozano*, 258 F.3d at 1166 (in determining the date of actual receipt, a court may rely upon affidavits stating personal knowledge of receipt date); *Witt v. Roadway Express*, 136 F.3d 1424, 1429–30 (10th Cir. 1998) (where document mailed on January 28, affidavit by claimant stating he received it mid-March sufficient to rebut five-day receipt presumption). Based on that date, the complaint was timely filed and the motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss (doc. 13) is **granted in part and denied in part**.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiff's claims against defendant Kansas City, Kansas Police Department are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 14th day of June, 2019, at Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge